## THE STATE v. WRIGHT.

[No. 19,710. Filed November 19, 1902.]

CRIMINAL LAW.—*Unlawful Use of Labeled Bottles.*—*Indictment.*—An indictment, under §§8678-8680c Burns 1901, for filling with beer bottles belonging to another, is bad for failing to charge that such act was done with intent to defraud the owner of the bottles. *pp. 422, 423.*

APPEAL AND ERROR.— *Constitutionality of Statute.*—Where an indictment was properly quashed for reasons other than that the statute on which the indictment was based was unconstitutional, the question of the constitutionality of the statute is not presented on appeal within the meaning of §1337h Burns 1901. *p. 423.*

From Marion Criminal Court; *Fremont Alford*, Judge.

Frank M. Wright was indicted for refilling labeled bottles. From a judgment quashing the indictment and discharging defendant, the State appeals. *Appeal dismissed.*

*W. L. Taylor*, Attorney-General, *J. C. Ruckelshaus, J. B. Kealing, M. M. Hugg, W. W. Woollen* and *Evans Woollen*, for State.

MONKS, J.—An indictment was returned in the court below, charging that appellee "did * * * unlawfully have in his possession for the purpose of filling, and did fill with beer, seven bottles the property of one," etc. On motion of appellee the indictment was quashed, and final judgment rendered discharging appellee.

The Attorney-General claims that the court below held the act of 1897 (Acts 1897, pp. 313-316, §§8678-8680c Burns 1901), under which the indictment was returned, unconstitutional, and for that reason quashed the indictment. The State appeals to this court under §8 of the act of 1901 (Acts 1901, p. 565, §1337h Burns 1901), for the purpose of presenting the question of the constitutionality of said statute.

Under §5 of said act of 1897 (§8680b Burns 1901), no person is guilty of an offense for filling or causing to be filled any bottle or siphon with beer, unless it is done with the intent to defraud the owner or owners of such bottle or siphon. As the indictment in this case did not charge that appellee filled said seven bottles of beer with the intent to defraud the owner thereof, the motion to quash was properly sustained for that reason, even if said act is constitutional. It is evident therefore that the question of the constitutionality of said act is not duly presented within the meaning of said §8, *supra.* State v. *Wright, ante,* 394; *Standish* v. *Bridgewater, ante,* 386.

Appeal dismissed.